UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ZVI GOLDENBERG,

       Plaintiff,
v.

SOUTHEASTERN GROCERS, INC.,
SOUTHEASTERN GROCERS, LLC,

       Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, ZVI GOLDENBERG, brings this action against Defendants, SOUTHEASTERN GROCERS, INC. and SOUTHEASTERN GROCERS, LLC, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff ZVI GOLDENBERG was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Defendant, SOUTHEASTERN GROCERS, INC., was a foreign corporation with its principal place of business in South Florida, engaged in commerce in the field of grocery store operations, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4. At all times material hereto, Defendant, SOUTHEASTERN GROCERS, LLC, was a foreign corporation with its principal place of business in South Florida, engaged in commerce in the field of grocery store operations, at all times material hereto was the "employer" of Plaintiff as

that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Defendants, SOUTHEASTERN GROCERS, INC. and SOUTHEASTERN GROCERS, LLC, and Orthodox Rabbinical Board of Broward and Palm Beach Counties, Inc., were joint employers of Plaintiff, under the Fair Labor Standards Act, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

6. Defendants, SOUTHEASTERN GROCERS, INC. and SOUTHEASTERN GROCERS, LLC, are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

7. Southeastern Grocers, Inc. is the successor entity to Southeastern Grocers, LLC; Southeastern Grocers, Inc. and its owners had notice of Southeastern Grocers, LLC's liability under the FLSA before the change in entity occurred; there exists a substantial continuity of business operations between Southeastern Grocers, LLC and Southeastern Grocers, Inc.; Southeastern Grocers, Inc. operates at the same location as did Southeastern Grocers, LLC; Southeastern Grocers, Inc. uses the same or substantially the same work force as did Southeastern Grocers, LLC; Southeastern Grocers, Inc. uses the same or substantially the same supervisory personnel as Southeastern Grocers, LLC; Southeastern Grocers, Inc. employs the same jobs under substantially the same working conditions as did Southeastern Grocers, LLC; Southeastern Grocers, Inc. uses the same machinery, equipment, and methods of production as did Southeastern Grocers, LLC; Southeastern Grocers, Inc. produces the same products as did Southeastern Grocers, LLC; Southeastern Grocers, Inc. has expressly and/or impliedly assumed Southeastern Grocers,

LLC's liabilities; Southeastern Grocers, Inc. is a mere continuation of Southeastern Grocers, LLC; and the change in entity from Southeastern Grocers, LLC to Southeastern Grocers, Inc. occurred for the purpose of Defendants to escape liability imposed by the FLSA.

8. Two or more of Defendants' employees handled tools, supplies, and equipment manfuactured outside Florida in furthernace of their business including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

9. Plaintiff ZVI GOLDENBERG worked for Defendants as a deli worker.

10. Defendants failed to pay Plaintiff's full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for hours worked over 40 each week.

11. Attached as Exhibit A is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

12. Defendants have knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

13. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

14. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

15. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

16. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

17. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

*/s/ Elliot A. Kozolchyk*
_____
Elliot Kozolchyk, Esq.
Bar No.: 74791